IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN MULERO | : | |
| Plaintiff | : | CIVIL ACTION |
| vs. | : | |
| | : | NO. 07-CV-5095 |
| LOUIS FOLINO, et al., | : | |
| Defendants | : | |

**<u>ORDER</u>**

AND NOW, this 3rd day of July, 2008, upon consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, and after review of Magistrate Judge L. Felipe Restrepo's Report and Recommendation (R&R) and petitioner's objections thereto, it is hereby ORDERED that:

1.   The Report and Recommendation is APPROVED and ADOPTED;

2.   The Petition for Writ of Habeas Corpus is DISMISSED as time-barred;[1]

---

[1] Petitioner's only Objection to the Magistrate Judge's Report and Recommendation ("R&R") presents an argument that is thoroughly analyzed and disposed of in the R&R. Petitioner objects to the Magistrate's finding that his statute of limitations for filing the instant habeas petition was not tolled from the filing of his "Motion for Extreme Jurisdiction on May 28, 2004" in the Pennsylvania courts, because it does not qualify as a properly filed application for post-conviction or other collateral review. R&R at 7. He argues that "'[A]ny petition filed after the judgment became final will be treated as a PCRA petition." Def. Obj. at 3. The Pennsylvania Superior Court, however, explicitly determined that, under Pennsylvania law, petitioner did not file his first Post Conviction Relief Act ("PCRA") petition until July 8, 2005. See Pa. Super. Ct. Op. filed 10/25/07, at 3.

Petitioner's Objection attempts to argue for review the state court's determination of the timeliness of the PCRA petition, which in turn affects whether the instant habeas petition is time-barred. As stated in the R&R, however, "[t]o the extent that Mulero contends that the Pennsylvania courts erred in not treating his Motion for Extreme Jurisdiction as a PCRA petition under Pennsylvania law, . . . 'it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'" R&R at 8 (citing <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991)). Where, as in this case, petitioner's PCRA petition was found untimely under Pennsylvania law, "that [is] the end of the matter" for purposes of 28 U.S.C. § 2244(d)(2), see <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 414 (2005), and this Court is "bound by the state court's finding[s] . . . ." See <u>Merritt v. Blaine</u>, 326 F.3d 157, 166 (3d Cir. 2003).

Petitioner's conviction became final on May 6, 2004. See R&R at 4. Since he did not file a timely PCRA petition, as determined by the Pennsylvania courts, his period for filing a timely habeas petition was not tolled. Thus, the instant habeas petition is time-barred because it was filed on December 3, 2007, more than one-year after his conviction became final.

3. There is no basis for the issuance of a certificate of appealability; and

4. This case is closed for statistical purposes.

                                        BY THE COURT:

                                        */s/ Thomas M. Golden*
                                        THOMAS M. GOLDEN, J.